## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JULIO SANTIAGO,** | Civ. No. 14-5081 (KM) (JBC) |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **FEDERAL EXPRESS FREIGHT, INC.,** et al., | |
| **Defendants.** | |

**MCNULTY, U.S.D.J.:**

The plaintiff, Julio Santiago, brought this action to recover damages for being wrongfully terminated as a truck driver for FedEx Freight, Inc. ("FedEx"). Santiago has asserted eight state-law contract and tort causes of action against FedEx and two of its supervisory employees.

Santiago has moved to remand the action to the Superior Court of New Jersey. FedEx has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the First Amended Complaint for failure to state a claim. For the reasons expressed below, Santiago's motion to remand and FedEx's motion to dismiss will both be administratively terminated, and I will grant limited, expedited discovery on the issue of the court's subject matter jurisdiction.

**Factual Background**

Santiago worked for FedEx as a truck driver. (First Amended Complaint, Dkt. No. 6 ("Compl."), Count One ¶ 3) One day he was called into work and upon arrival was told by his supervisor (identified only as "John Doe #1 through #5 (Hank)") to check if any trucks were available. (*Id.* at ¶ 9) Santiago found no trucks available, reported back to Hank, and was instructed to return to the dispatch center. (*Id.* at ¶¶ 10–11) No one told Santiago to punch out and go home. He waited in the dispatch center for a truck to come in. (*Id.* at ¶¶ 13–

1

15) When trucks later arrived, Santiago assisted in unloading and loading cargo. (*Id.* at ¶ 16) A second supervisor (identified only as "John Doe #6 through #10 (Marty)") wrote up Santiago for "stealing company time waiting in the break-room for an assignment." (*Id.* at ¶ 17) Santiago was later terminated. (*Id.* at ¶ 18)

On June 17, 2014, Santiago filed his original complaint in the Superior Court of New Jersey. (Dkt. No. 1-2) It asserted causes of action for breach of contract, breach of an unwritten policy, breach of the covenant of good faith and fair dealing, tortious interference with economic advantage, tortious interference with contractual relations, slander, and libel. On August 13, 2014, FedEx removed the action to this federal court, invoking diversity jurisdiction. (Dkt. No. 1) The next day, FedEx filed a motion to dismiss Santiago's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 3) The day after that, Santiago moved to remand the action to state court. (Dkt. No. 4) On August 21, 2014, Santiago filed his First Amended Complaint, adding a cause of action for prima facie tort, partially mooting FedEx's already-filed motion to dismiss. (Dkt. Nos. 6, 8, 9) On August 22, 2014, FedEx filed a second motion to dismiss, aimed at the First Amended Complaint. (Dkt. No. 7) On September 5, 2014, Santiago made a second motion to remand and thereafter administratively terminated the first motion to remand. (Dkt. Nos. 15, 18)

## LEGAL STANDARDS AND DISCUSSION

### A. Santiago's Motion to Remand

FedEx removed this case pursuant to the federal removal statute, 28 U.S.C. § 1441. Under § 1441(a), a defendant may remove a civil action from the state court if the case could have been brought originally in federal court. Pursuant to § 1332(a), district courts have original subject matter jurisdiction over matters in which the amount in controversy exceeds $75,000 and there is "complete diversity" (*i.e.*, no plaintiff is a citizen of the same state as any defendant). Santiago moved to remand this action to state court, arguing that

2

complete diversity is lacking because "John Doe #1 through #5 (Hank)" and "John Doe #6 through #10 (Marty)" are, like Santiago, citizens of New Jersey.

Section 1441(b) expressly provides that, for jurisdictional purposes, "the citizenship of defendants sued under fictitious names shall be disregarded." Of course, a name is not "fictitious" merely because it does not precisely match a person's birth certificate; a William sued as "Bill," or a person sued under his or her unmarried name are not jurisdictional nonentities, and these are not "fictitious names." *See Brooks v. Purcell,* 57 F. App'x 47, 50 (3d Cir. 2002). On the other hand, a *pro forma* "John Doe" party, with no further identifying information, might well qualify as a fictitious defendant.

In a non-precedential but persuasive opinion, the Court of Appeals for the Third Circuit held that a defendant identified by first name only, with no additional identifying information, would be disregarded for diversity/removal purposes. *Brooks,* 57 F. App'x at 50–51. The *Brooks* panel found that "Congress intended parties to be disregarded unless they were identified so that their citizenship could be ascertained." *Id.* at 51; *see also Joshi v. K–Mart Corp.,* 2007 WL 2814599, *2 (D.N.J. Sept. 25, 2007) (disregarding the citizenship of a defendant identified as "Defendant Frank Last Name Unknown"). *Brooks* added that a named defendant has no obligation to come forward and identify its fictionally-named codefendant. 57 F. App'x at 50–51.

Here, Santiago has named two defendants as Hank and Marty— designations which, if not fictional, are only partial. (Compl. ¶¶ 4–5) His complaint alleges that Hank and Marty are his supervisors; that Hank told Santiago to check for available trucks and then to wait in the dispatch center; and that Marty wrote up Santiago for stealing company time by waiting in the break-room. (Compl. ¶¶ 6, 10–11, 17) The complaint offers no other factual allegations as to these two defendants' full names or states of citizenship.

Under *Brooks,* then, I cannot at this time grant the motion to remand. But that is not the end of my analysis.

The situation, from a jurisdictional point of view, is topsy-turvy. The defendant, not the plaintiff, is invoking the subject matter jurisdiction of this federal court. (And of course we have the usual removal conundrum: The plaintiff, who never sought a federal forum in the first place, faces a motion asserting that his complaint fails to meet federal pleading standards or set forth federal jurisdictional facts.) The defendant here is asserting that factual uncertainties or ambiguities must be resolved in favor of federal court jurisdiction—contrary to the usual approach in jurisdictional matters. *See, e.g., Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir. 1985) ("[T]he removal statute should be strictly construed and all doubts should be resolved in favor of remand.") The missing facts, moreover, are probably within FedEx's control or could easily be made so. These persons are its employees, and one of them is alleged to have "written up" (presumably filed a disciplinary complaint) against the plaintiff, which, if it occurred, should have left a paper trail. In short, although a defendant seeking removal has no general obligation to help the plaintiff, it does have the obligation to take reasonable care that its pleadings have a foundation in both law and fact. *See, e.g.,* Fed. R. Civ. P. 11.

And of course the Court always has the duty to ascertain its jurisdiction, a duty that cannot be subverted by a defendant's stand-pat policy. I cannot be blind to the facts (a) that "Hank" and "Marty" are not arbitrary designations, but are asserted to be incomplete names, or nicknames, of real people; (b) that they are not merely codefendants but also supervisory employees of defendant FedEx; and (c) that they are not jurisdiction-defeating strawmen, but persons intimately tied up with the merits of plaintiff's case.

Hank and Marty are not at the extreme of a "William Jones" named as "Bill Jones." On the other hand, they are not purely fictional or formal John Doe defendants, either. From the complaint, we do know a few things about Hank and Marty. They are supervisory employees of FedEx who worked in the same New Jersey facility that employed the plaintiff, Santiago. Now working in a state is obviously not the same as being a citizen of that state. *See Mucci v.*

*Decision One Mortg.*, 2012 WL 3757035, *3 (D.N.J. Aug, 9, 2012) (finding allegation that unnamed defendants "very likely" were New Jersey citizens to be an insufficient inference based on allegations that they worked in the state). But it is at least suggestive; certainly if Hank and Marty worked in, say, Arkansas, we would not view them the same way. Nor are Hank and Marty peripheral to this litigation; they are the very persons whose acts comprise the substance of the plaintiff's causes of action. A truck loading facility is not a cocktail party, and apparently Hank and Marty did not introduce themselves formally. Minimal discovery, however, might uncover their identities. If so, then this Court might face the unpleasant mid-case revelation that it has been proceeding in the absence of subject matter jurisdiction. *See, e.g., Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 n. 9 (3d Cir. 2015) (noting that "challenges to subject matter jurisdiction may be raised at any time") (citing *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570–71 (2004)). That is an unappealing prospect. Still less appealing is the possibility that the Court might consider and grant FedEx's simultaneous Rule 12(b)(6) motion to dismiss, and never find out whether its jurisdiction had a factual basis.

I will therefore administratively terminate Santiago's motion to remand to state court. I will, however, permit limited discovery aimed at the identities and citizenship of Hank and Marty. *See Canseven v. Just Pups, LLC*, 2015 WL 5455869, at *3 (D.N.J. Sept. 16, 2015) ("Given that remand may be appropriate because of lack of minimal diversity…it is appropriate to allow the parties to engage in jurisdiction discovery on the question of [citizenship.]").

Within five days, counsel for both sides shall set up a telephone or in-person conference with Magistrate Judge Clark. In consultation with Judge Clark, they shall set up a schedule of discovery, not to exceed 30 days, aimed at uncovering the identities and citizenship of Hank and Marty. I expect and will enforce full candor and cooperation. At the close of discovery, if diversity is still contested, the parties may submit supplemental affidavits and reopen the motion to remand.

### B. FedEx's Motion to Dismiss

I will also administratively terminate FedEx's Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim. If it is determined that the court possesses subject matter jurisdiction, I will restore the dismissal motion to the calendar. Part of my rationale is that, where a party opposing remand simultaneously seeks dismissal on the merits, I cannot necessarily comfort myself with the prospect that the jurisdictional facts will eventually come out. In administratively terminating the motion, however, I do not suggest an opinion, positive or negative, as to the merits; I merely decline to go forward until jurisdiction is settled.

### CONCLUSION

For the reasons stated above, Plaintiff Santiago's Second Motion to Remand and Defendant FedEx's Motion to Dismiss Plaintiff's First Amended Complaint are both ADMINISTRATIVELY TERMINATED. The parties shall, under the supervision of Magistrate Judge James B. Clark, set up an expedited schedule of discovery to determine the identity and citizenship of defendants "Hank" and "Marty." An appropriate order follows.

KEVIN MCNULTY, U.S.D.J.

Date:  October 30, 2015